UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BBG SURGICAL, LLC

          Plaintiff,

vs.

PRO THERAPY SUPPLIES, LLC

      and

SEAN TANG

          Defendants

**COMPLAINT**

**Docket No.:**

**JURY TRIAL DEMANDED**

Plaintiff, BBG Surgical, LLC ("Plaintiff" or "BBG Surgical"), by and through its attorneys, Garson, Segal, Steinmetz, Fladgate LLP, for its complaint against the Defendants, Pro Therapy Supplies, LLC ("Pro Therapy") and Sean Tang ("Tang") (collectively "Defendants") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under New Jersey statutory and common law including, but not limited to, N.J. Stat. § 56:4-1 and N.J. Stat. § 56:4-2.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action by virtue of 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue of this action is set in the United States District Court for the District of New Jersey.

## THE PARTIES

4. BBG Surgical is, and at all times hereinafter mentioned was, a limited liability company duly organized under the laws of New Jersey. BBG Surgical is located at 1995 Rutgers Blvd, Lakewood, New Jersey, 08701.

5. BBG Surgical is a medical and hospital equipment company selling surgical and orthopedic product lines.

6. BBG Surgical is the owner of the Mars Wellness brand.

7. Mars Med Supply is the e-commerce division of the Mars Wellness brand. Mars Med Supply sells items under the Mars Wellness trade name.

8. Among the goods sold under the Mars Wellness trade name are plantar fasciitis night splints, plantar fasciitis therapy and arch support wraps, splints and braces for feet and ankles, dorsal night splints, anti-snore chin straps, back supports for medical purposes, hip kits, blackhead extractors, blemish remover sets and sacroiliac belts.

9. Upon information and belief, Pro Therapy is, and at all times hereinafter mentioned was, a limited liability company existing within the State of Georgia, with a principal place of business located at 1750 Breckinridge Parkway, Suite 200, Duluth, Georgia, 30096.

10. Upon information and belief, Pro Therapy is a distributor of medical, therapy and fitness supplies.

11. Upon information and belief, Defendant Sean Tang is, and at all times hereinafter mentioned was, a resident of the state of Georgia.

12. Upon information and belief, Defendant Sean Tang is CEO and Operations Manager at Pro Therapy Supplies. Plaintiff is informed and believes that Tang substantially controlled all aspects of Pro Therapy's business and is believed to have personally conducted, participated in, and directed the infringing activities complained of herein, and continues to personally conduct, participate in, and direct said injurious activities. Plaintiff is informed and believes is an active, conscious and dominant force behind the wrongful conduct of Pro Therapy alleged herein.

## BACKGROUND

13. Plaintiff has been a registered corporation with the State of New Jersey since 2012 and has continuously therefrom been offering for sale and/or selling, among other things, plantar fasciitis therapy splints, which aim to alleviate heel pain associated with plantar fasciitis (an inflammation of the fascia tissue).

14. Plaintiff offers for sale and sells a wide array of medical and therapy supplies, including internet sales through its website www.marsmedsupply.com and the website www.amazon.com ("Amazon") under the trade name MARS Wellness (Plaintiff's Mark). A representative example of an Amazon sales listing of Plaintiff's Mark is annexed hereto as **Exhibit A.** The item shown in the Exhibit can be distinguished as emanating from Plaintiff because next to the title of the product (here, Plantar Fasciitis Posterior Night Splint – Medium), the phrase "from MARS Wellness" appears.

15. Plaintiff lists its own Mars Wellness brand products on Amazon.com and has not authorized Defendants to sell PT Supplies products under the Mars Wellness brand name.

16. From January 2016 through June 2016, Plaintiff, a well-known brand, sold

tens of thousands of dollars of Mars Wellness products on Amazon.

17. Upon information and belief, consumers, patients, physicians and healthcare providers have come to recognize the high quality of Plaintiff's goods due to Plaintiff's continuous sale of medical supplies under Plaintiff's Mark on Amazon as well as Plaintiff's excellent customer service and quality control. Moreover, consumers have come to identify Plaintiff as a leader in sales of top of the line medical supplies. Consumers identify Plaintiff as the source of these high quality goods sold under the Mars Wellness Mark.

18. Furthermore, by reason of Plaintiff's efforts and expenses, Plaintiff's Mark has achieved inestimable distinction, reputation and goodwill belonging exclusively to Plaintiff.

## DEFENDANTS' UNLAWFUL ACTIVITIES

19. Upon information and belief, one or both Defendants are engaged in, among other things, the promotion, sale and distribution of medical supplies through an on-line retail store featuring medical, therapy and fitness supplies.

20. Upon information and belief, one or both Defendants have been engaged in offering for sale and/or the sale of medical supplies throughout the United States, including within the state of New Jersey.

21. Without Plaintiff's authorization, one or both Defendants have, intentionally and with malice, listed against, copied or otherwise appropriated Plaintiff's Amazon.com product listings while selling product that does not emanate from Mars Wellness. Included in such listings are displays of Plaintiff's Mark, images and descriptions of plantar fasciitis night splints. A screenshot annexed hereto as **Exhibit B** shows the name of the product as well as the large bolded phrase "By MARS Wellness." Lower down, it is revealed that PT Supplies, Defendant Pro Therapy Supplies, is selling a product. However, this product does not

originate from Mars Wellness despite Defendant's attempt to deceive consumers into thinking they are purchasing a Mars Wellness product.

22. Due to the repeated appearance of the phrase "By MARS Wellness" next to the title of the product – even at the final stage of purchase when consumers can add the product to their shopping cart - consumers are confused and think that they are actually purchasing a MARS Wellness product. Instead of creating its own listings for its own products, Defendants simply pose as selling Plaintiff's products on Plaintiff's listing, pass off Plaintiff's goods as their own, and seek to capitalize off Plaintiff's goodwill.

23. On May 11, 2016, Plaintiff, through counsel, sent a cease and desist letter to Defendants, informing them that they have been promoting and selling merchandise that are clearly copies of BBG's Mars Wellness products and confusing consumers as to the source and origin of the goods. In an effort to amicably resolve the matter, the letter demanded, among other things, an accounting of the total number of infringing products and the revenue generated from the sale of those products. A true and correct copy of the May 11, 2016 letter is attached hereto as **Exhibit C**.

24. Defendants did not comply with Plaintiff's demands set forth in the May 11, 2016 letter, but removed their listings for a period of time.

25. Upon information and belief, Defendant then waited some time and relisted their products with willful knowledge of Plaintiff's Mark and an intent to confuse consumers in order to capitalize on Plaintiff's goodwill.

26. As recently as July 25, 2016, Defendant's products were re-listed. **Exhibits D (main product listing), E (item added to shopping cart), and F (order review)** attached hereto illustrate the deceptive and confusing shopping experience of purchasing Defendant's products. At each stage of the shopping process, the listing still says "By

MARS Wellness," even though the products are not Mars Wellness products, and instead, stem from the Defendants.

27. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source ororigin of Defendants' products and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' products originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

28. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff, cause confusion and deception in the marketplace and divert potential sales of Plaintiff s products to the Defendants.

29. Defendants' acts are causing and will continue to cause damage, if Defendant is not stopped, and immediate irreparable harm to Plaintiff and to Plaintiff's reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

30. Upon information and belief, there has been actual confusion by consumers who have questioned the source of the product and vocalized their confusion in the form of negative product reviews on Amazon. Negative product reviews due to consumers receiving products from unauthorized sellers leads to lost sales.

### AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

31. Plaintiff repeats and realleges the allegations of paragraphs "1" through "30" as if more fully set forth herein.

32. Defendants' actions constitute a false designation of origin under 15 U.S.C. § 1125(a) which is likely to cause confusion, mistake or to deceive and has confused and deceived customers into believing that the solicitations on behalf of Defendant are affiliated with, sponsored by, or somehow connected with Plaintiff.

33. Defendants' unlawful activities reflect adversely on Plaintiff because Plaintiff has no ability to control the quality of Defendants' goods, and as the believed source of origin, Plaintiff's efforts continue to protect its reputation for high quality goods will be hampered, resulting in irreparable harm to Plaintiff.

34. If the Defendants are permitted to continue to unlawfully use the Plaintiff's Mark, it will cause Plaintiff irreparable harm.

35. Plaintiff will be able to demonstrate a likelihood of success on the merits of its claims, and the balance of equities weighs in Plaintiff's favor.

36. Therefore, Plaintiff is entitled to an injunction preventing the Defendants' further unlawful use of Plaintiff's Mark.

37. In addition, as a direct and proximate result of Defendants' unlawful use of Plaintiff's Mark in connection with the infringing goods and offers for sale, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

### AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

38. Plaintiff repeats and realleges the allegations of paragraphs "l" through "37" as if more fully set forth herein.

39. Defendants' actions constitute unfair competition under 15 U.S.C. § 1125(a),

by passing off Plaintiff's Mark in commercial advertising and promotion in a manner that is false, misleading and misrepresents the nature, characteristics and qualities of Defendants' goods.

40. If the Defendants are permitted to continue to unlawfully use the Plaintiff's Mark, it will cause Plaintiff irreparable harm.

41. Plaintiff will be able to demonstrate a likelihood of success on the merits of its claims, and the balance of equities weighs in Plaintiff's favor.

42. Therefore, Plaintiff is entitled to an injunction preventing the Defendants' further unlawful use of Plaintiff's Mark.

43. In addition, as a direct and proximate result of Defendants' unlawful use of Plaintiff's Mark in connection with the infringing goods and offers for sale, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

### AS AND FOR A THIRD CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

44. Plaintiff repeats and realleges the allegations of paragraphs "1" through "43" as if more fully set forth herein.

45. The Defendants' conduct in the actions above violate general principles of law and equity, constitute trademark infringement, unfair competition and injury to business reputation under N.J. Stat. § 56:4-1 and N.J. Stat. § 56:4-2 and have, and will cause, Plaintiff irreparable injury.

46. If the Defendants are permitted to continue to unlawfully use the Plaintiff s Mark, it will cause Plaintiff irreparable harm.

47. Plaintiff will be able to demonstrate a likelihood of success on the merits of its claims, and the balance of equities weighs in Plaintiff's favor.

48. Therefore, Plaintiff is entitled to an injunction preventing the Defendants' further unlawful use of Plaintiff's Mark and treble damages.

49. In addition, as a direct and proximate result of Defendants' unlawful use of Plaintiff's Mark in connection with the infringing goods and offers for sale, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

## TRIAL BY JURY DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE** Plaintiff demands judgment as follows:

A. Granting a permanent injunction, restraining and enjoining the Defendant Pro Therapy Supplies, LLC, and Defendant Sean Tang and its officers, directors, agents, servants, employees and all others acting on its behalf or in its stead, from further acts of trademark infringement and unfair competition and, more particularly, from, in any manner, directly or indirectly:

(i) using the mark MARS Wellness and any other marks which are confusingly similar to or otherwise violate Plaintiff's Mark;

(ii) assisting, aiding or abetting any other person or entity from engaging or performing any of the activities referred to in subparagraphs (i) above; and

(iii) declaring that the Defendants have unfairly competed with the Plaintiff by the acts complained of herein and further declaring the respective rights and responsibilities of the parties.

B. Awarding to the Plaintiff any profits generated by the Defendants as a result of the acts complained of and further awarding Plaintiff its damages as a result of the

Defendants' wrongful trademark infringement and unfair competition,

    C.    Awarding the Plaintiff its attorneys' fees and costs; and

    D.    Granting the Plaintiff such other and further relief as to this Court may seem just and proper.

Dated: July 26, 2016

Signature _____

Michael M. Steinmetz Esq.
Garson, Segal, Steinmetz, Fladgate LLP
164 West 25th St. 11R
New York, NY 10001
(P) 212-380-3623
(F) 347-537-4540
ms@gs2law.com